UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE

| | |
|---|---|
| ROBERT SUH, an individual, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| TECHTRONIC INDUSTRIES CO. LTD., a foreign corporation, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation; ONE WORLD TECHNOLOGIES, INC., a Delaware corporation; RYOBI TECHNOLOGIES, INC., a Delaware corporation; and HOME DEPOT U.S.A., INC., a Delaware corporation, | **Jury Trial Requested** |
| Defendants. | |

Plaintiff Robert Suh ("Plaintiff"), by the undersigned attorneys, as and for his Complaint herein alleges as follows:

**PRELIMINARY STATEMENT**

1.

This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by Defendants Techtronic Industries Co., Ltd. ("TTI"), Techtronic Industries North America, Inc. ("TTI-NA"), One World Technologies, Inc. ("One World"), Ryobi Technologies, Inc.

COMPLAINT - 1

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

("Ryobi"), collectively ("Manufacturer Defendants") and Home Depot U.S.A., Inc. ("Home Depot"), (collectively, the "Defendants").

## PARTIES

2.

Plaintiff Robert Suh is an individual who resides at 4647 W. Lake Sammamish Pkwy SE Apt E105, Issaquah, Washington 98027.

3.

Upon information and belief, TTI is a Hong Kong corporation, maintaining its principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong. TTI is a large, multi-national corporation that sells power tools and other consumer products throughout the world. On information and belief, TTI has the exclusive right to market power tools under the Ryobi name in the United States. Operating through a variety of wholly-owned American subsidiaries, TTI does substantial business in the United States.

4.

Upon information and belief, TTI-NA is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina, 29625. TTI-NA is a wholly-owned subsidiary of TTI through which TTI manufactures, distributes and sells power tools under the Ryobi name.

5.

Upon information and belief, One World is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina, 29625. One World is a wholly-owned subsidiary of TTI and/or TTI-NA and manufactures, distributes and sells power tools under the Ryobi name.

6.

Upon information and belief, Ryobi is a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina, 29625. Upon information and

///

COMPLAINT - 2

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1 belief, Ryobi is a subsidiary of TTI, TTI-NA and/or One World and manufactures, distributes or sells power tools under the Ryobi name.

7.

Upon information and belief, Home Depot is a Delaware corporation maintaining its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia, 30080.  Upon information and belief, Home Depot is the retailer that sold the Subject Saw.

**JURISDICTION & VENUE**

8.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

9.

This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from the Defendants:

    a.    transacting business in the State of Washington;

    b.    contracting to supply services or things in the State of Washington;

    c.    causing tortious injury by an act or omission in the State of Washington; and/or

    d.    causing tortious injury in the State of Washington by an act or omission outside of the State of Washington and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the State of Washington through Defendants distribution of products into the stream of commerce.

10.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) in that the Plaintiff resides in this district, as that term is defined in § 1391(c) and pursuant to § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

///

COMPLAINT - 3

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

## FACTUAL BACKGROUND

11.

Upon information and belief, on or about the 46th week of 2006, the Manufacturer Defendants were the designer, manufacturer, tester, supplier, seller, and/or distributor of a Ryobi BTS 10, 10-inch table saw, Serial Number XX064677904 (hereinafter, the "Subject Saw"), and had distributed, supplied and/or sold the Subject Saw in Washington.

12.

At some time prior to July 22, 2009, the Manufacturer Defendants distributed, supplied and/or sold the Subject Saw to Home Depot.

13.

At some time prior to July 22, 2009, Home Depot distributed, supplied and/or sold the Subject Saw into the stream of commerce.

14.

The Subject Saw, along with all table saws designed, manufactured and sold by Defendants, contains a number of design and/or manufacturing defects that render it dangerous when used in ordinary and foreseeable ways. These defects include, but are not limited to the failure to equip the Subject Saw with a user-friendly blade guard, the failure to equip the Subject Saw with an independent riving knife, and the failure to equip the Subject Saw with a flesh-detection and braking technology.

15.

The Defendants, as manufacturers of power saws, have failed to utilize available safer technology in their saws.

16.

The Subject Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Subject Saw is extremely difficult to use and it is necessary to remove it for certain cuts. Once removed, it is extremely difficult to reattach. Thus, it is common practice for users of the Subject Saw to either assemble the saw without the

COMPLAINT - 4

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

1  guard or to remove the guard and leave it permanently off the machine when using the table saw.
2  This widespread practice was well known by Defendants, yet Defendants made no effort to
3  improve the design of the guard to make it more user-friendly until required to do so by recent
4  changes to industry-wide standards.

17.

6  The Subject Saw also comes with a splitter or a spreader attached to the guard, which is
7  designed to prevent "kickbacks" during cutting. A kickback is often the result of the saw blade
8  being pinched by the wood as it is being cut. The back of the saw blade can cause the wood to
9  jerk or kick back at high velocity into the user, causing the user's hands to land on the saw blade
10 or to be pulled into the blade. Kickbacks, such as that which occurred here, are common and can
11 cause catastrophic injuries.

18.

13 Defendants designed the splitter or spreader on the Subject Saw to be attached directly to
14 the guard so that, when the guard is removed, as it often is, no kickback protection is provided to
15 the user.

19.

17 However, Defendants have known for several years that kickbacks can be substantially
18 avoided by using a "riving knife" rather than a spreader. A riving knife is a small piece of metal
19 that sits behind the blade and rises and falls with the blade. Even if the guard is removed, the
20 riving knife remains in place, substantially reducing or eliminating kickbacks.

20.

22 Riving knives have been used for decades in Europe and are required on all power table
23 saws sold in Europe. Recently, riving knives have been included as necessary safety equipment
24 pursuant to new industry-wide standards adopted in the United States.

21.

26 The Subject Saw used herein did not include a riving knife.
27 ///
28

COMPLAINT - 5

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

22.

The Subject Saw did not contain a warning that the removal of the all-in-one blade guard substantially increased the likelihood of kickback accidents.

23.

Had Defendants employed this safer available technology on the Subject Saw, Plaintiff would not have been injured, or his injury would have been substantially reduced.

24.

For years there has also been available technology that, for example, would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

25.

In or around November 2000, at a meeting of the Power Tool Institute, Inc. ("PTI"), of which Defendants and/or Defendant One World is a member, the Manufacturer Defendants were made aware of a technology that detects when human flesh touches the saw blade, and once contact is detected, stops the saw blade almost instantly. At the time of the demonstration, the inventor of the flesh detection and breaking technology offered to make the technology available to the Manufacturer Defendants through a licensing agreement. The Manufacturer Defendants chose not to utilize this technology and instead joined with other table saw manufacturers through PTI to form a joint venture, ostensibly to develop their own flesh detection and breaking technology. Defendants, however, have continued to sell table saws without this available technology.

26.

The Manufacturer Defendants, acting through PTI, have also actively lobbied the Consumer Product Safety Commission ("CPSC") to prevent the adoption of flesh detection systems as a safety standard on table saws.

///

///

COMPLAINT - 6

**MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

27.

The Defendants failed to pursue licensing and use of this available technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

28.

The Subject Saw does not incorporate flesh detection and breaking technology, or other comparable safety technology.

29.

Had Defendants employed these safer available technologies on the Subject Saw, Plaintiff would not have been injured, or the severity of his injury would have been substantially reduced.

30.

In addition, the Subject Saw was defective because the small size of the table top, and in particular the short distance between the leading edge of the table top and the front edge of the saw, required Plaintiff to place his hands dangerously close to the spinning saw blade while operating the saw, significantly increasing his risk of blade contact in the event of an accident.

31.

Moreover, the Subject Saw was defective because the combination of low-quality materials and inadequate design caused it to vibrate excessively during operation, increasing the risk of accident.

32.

Further, the Subject Saw was defective because the rip fence provided with the Subject Saw could easily be locked in place in a manner not parallel to the saw blade or be knocked out of parallel once locked in place, thus significantly increasing the risk of accident.

///

///

///

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

33.

In addition to the defects described above and herein, Defendants' Subject Saw product was defective by design and/or warning due to Defendants' negligence and/or their product's unreasonably dangerous condition from the following acts and/or omissions:

a. The failure to design, manufacture, fabricate, assemble, sell and/or distribute the Subject Saw with reasonable care;

b. The failure to properly or adequately test and/or inspect this product to determine whether it could be used without causing serious injuries and/or that it was sold with everything necessary to make the product safe for it uses and/or without any condition that rendered it unsafe and for said uses;

c. The failure to incorporate on the Subject Saw proper and adequate safety features and devices including proper or adequate safety guards, a braking system and/or warnings, components, thereto and features necessary to prevent the product from injuring it users and operators and/or to minimize such injures;

d. The failure to incorporate on the Subject Saw proper and/or appropriate guards and safety devices to prevent or minimize injury to its users and operators;

e. The failure to properly instruct and/or warn as to the proper safety devices and procedures which could be used with the Subject Saw;

f. The failure to provide proper and adequate warnings and/or instructions as to the safe manner, method and means for which this Subject Saw should be used or not be used;

g. The failure to warn or adequately warn Plaintiff of the dangers and risks associated with the Subject Saw, which Defendants knew or should have known, before and after the sale of the Subject Saw, but before Plaintiff's injury;

h. The failure to retrofit the Subject Saw with appropriate guarding and/or safety features to eliminate all potentially dangerous conditions with the equipment through appropriate and/or feasible safety design and guarding;

i. The failure to properly equip the Subject Saw with proper or adequate safety

COMPLAINT - 8

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

devices and other components which would prevent and/or minimize injuries to the product's users during the foreseeable and/or intended uses of the product;

j.  The failure to properly or adequately guard the Subject Saw's blade area;

k.  Such other negligence, defects and/or wrongdoing as shall be established through discovery and/or at trial;

l.  The failure to incorporate a proper or adequate blade guarding system to prevent injury;

m.  The failure to incorporate a proper or adequate blade braking system;

n.  The failure to supply the Subject Saw with all feasible safety features necessary to make it safe for its use by users and operators;

o.  The failure to incorporate on said product a blade braking device which would stop the blade upon contact with human flesh to minimize injury to the product's users and/or operators;

p.  The failure to incorporate on the product a proper and/or adequate blade guard;

q.  The failure to incorporate feasible safety devices that made Defendant's saw product as safe as possible for use.

34.

On or about July 22, 2009, Plaintiff was injured while using the Subject Saw at his brother-in-law's residence located at 8825 56th Place West, Mulikteo, Washington, 98275. At the time of the accident, Plaintiff was the intended user and used the saw for its intended use while exercising all due care for his own safety.

35.

As a direct and proximate cause of the Subject Saw's defective condition in design and/or warnings, discussed herein, Defendants negligence and/or breaches of warranty, Plaintiff suffered the following injuries and damages:

a.  Traumatic laceration and/or amputation injuries, mangling, mutilation and disfigurement injuries and/or grievous injury to his body;

COMPLAINT - 9

**MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON  97204-3730
(503) 295-3085
Fax:  (503) 323-9105

  b. Other physical injuries to his bones, muscles, ligaments, tendons and/or nerves;

  c. Severe permanent physical injuries;

  d. Hospital, rehabilitative and medical expenses and costs, past and future;

  e. Loss of earnings and earning capacity, past and future;

  f. Great pain, suffering and loss of life's pleasures, past and future;

  g. Scarring, disfigurement, embarrassment and humiliation from his injuries and pain, past and future.

## FIRST CLAIM FOR RELIEF

### (Strict Liability – Manufacturer Defendants)

36.

Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 35 and incorporates each as if fully set forth herein.

37.

Manufacturer Defendants are in the business of manufacturing, assembling, testing, inspecting, distributing and selling of the Subject Saw. Manufacturer Defendants know that the table saws they manufacture, distribute, and sell will be placed on the market and will be used by people like Mr. Suh. Manufacturer Defendants placed the table saw that eventually injured Mr. Suh on the market and it was used by Mr. Suh without inspections for defects. The table saw was defective and inherently and unreasonably dangerous.

38.

The defective table saw proximately caused Mr. Suh's injuries.

39.

As a direct and proximate result of Defendant's actions, Mr. Nathan suffered severe and permanent physical injury, suffered great pain and mental anguish, disability and physical impairment, loss of capacity for enjoyment of life, inconvenience, required extensive surgeries, hospital and medical care and treatment, incurred medical expenses, and loss of earnings in the past and in the future.

COMPLAINT - 10

**Markowitz, Herbold, Glade & Mehlhaf, P.C.**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

40.

Manufacturer Defendants are strictly liable to Plaintiff pursuant to the RESTATEMENT (SECOND) OF TORTS § 402A.

41.

Defendants TTI, TTI-NA, One World and Ryobi are the Manufacturer Defendants.

42.

The Manufacturer Defendants designed, manufactured, sold and/or distributed the Subject Saw. Defendants placed said product into the stream of commerce.

43.

At all relevant times, said Defendants were regularly in the business of designing, manufacturing, selling and distributing products such as the Subject Saw.

44.

The aforementioned Subject Saw was defective and unsafe when it left said Defendants' control because this product was not safe for its intended uses and/or for its reasonably foreseeable uses and/or misuses.

45.

At all relevant times, Plaintiff was an intended user and operator of the Subject Saw. Plaintiff was injured while using the saw for its intended and/or reasonably foreseeable uses and/or misuses.

46.

Plaintiff was injured by Defendants' product which was without substantial change at the time of Plaintiff's accident.

47.

Defendants are strictly liable to Plaintiff for Plaintiff's injuries and damages under Washington law.

///

///

COMPLAINT - 11

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

## SECOND CLAIM FOR RELIEF

### (Strict Liability – Home Depot)

48.

Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 47 and incorporates each as if fully set forth herein.

49.

The occurrences giving rise to this lawsuit were caused by Home Depot's placing into the stream of commerce an unreasonably dangerous and defective product. It is believed and averred that Defendant Home Depot sold the Subject Saw.

50.

It is believed and averred that Home Depot was a sales agent for the Manufacturer Defendants and tested, failed to test, assembled, failed to assemble, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, advertised, marketed, and/or sold the table saw in question.

51.

Home Depot knew or should have known that the Subject Saw was to be purchased and used without inspection for manufacturing and design defects by the general public and Mr. Suh.

52.

The Subject Saw was unsafe by reason of the defects in the manufacturing and design of it components.

53.

Home Depot is strictly liable to Plaintiff pursuant to the RESTATEMENT (SECOND) OF TORTS § 402A.

54.

It is believed and averred that, at all relevant times, Defendant Home Depot was regularly in the business of selling products such as the Subject Saw.

///

COMPLAINT - 12

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

55.

The aforementioned Subject Saw was defective and unsafe when it left said Defendants' control because this product was not safe for its intended uses and/or for its reasonably foreseeable uses and/or misuses.

56.

At all relevant times, Plaintiff was an intended user and operator of the Subject Saw. Plaintiff was injured while using the saw for its intended and/or reasonably foreseeable uses and/or misuses.

57.

Plaintiff was injured by Defendants' product which was without substantial change at the time of Plaintiff's accident.

58.

Defendant is strictly liable to Plaintiff for Plaintiff's injuries and damages under Washington law.

### THIRD CLAIM FOR RELIEF

### (Implied Warranty – Manufacturer Defendants)

59.

Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 58 and incorporates each as if fully set forth herein.

60.

Manufacturer Defendants impliedly warranted to Plaintiff pursuant to RCW 62A.2-314 that the Subject Saw and its component parts were merchantable, safe and fit for ordinary purposes. Manufacturer Defendants are merchants with respect to goods of the kind involved in the accident. The Subject Saw is a "good." The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Manufacturer Defendants. Manufacturer Defendants therefore breached these warranties to Plaintiff.

COMPLAINT - 13

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

61.

As the direct and proximate result of Manufacturer Defendants' said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work and his ability to engage in normal and usual activities has been adversely affected.

## FOURTH CLAIM FOR RELIEF

### (Implied Warranty – Home Depot)

62.

Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 61 and incorporates each as if fully set forth herein.

63.

Home Depot impliedly warranted to Plaintiff that the Subject Saw and its component parts were merchantable, safe and fit for ordinary purposes. Home Depot is a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Home Depot. Home Depot therefore breached these warranties to Plaintiff.

64.

As the direct and proximate result of Home Depot's said breaches of warranties, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work and his ability to engage in normal and usual activities has been adversely affected.

///
///
///
///

COMPLAINT - 14

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

## FIFTH CLAIM FOR RELIEF

### (Negligence – Manufacturer Defendants)

65.

Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 64 and incorporates each as if fully set forth herein.

66.

Manufacturer Defendants were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and were negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

67.

As the direct and proximate result of Manufacturer Defendants' said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work and his ability to engage in normal and usual activities has been adversely affected.

## SIXTH CLAIM FOR RELIEF

### (Negligence – Home Depot)

68.

Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 67 and incorporates each as if fully set forth herein.

69.

Home Depot was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Subject Saw and was negligent with respect to equipping the Subject Saw with adequate safeguards, warnings and/or instructions.

70.

As the direct and proximate result of Home Depot's said negligence, Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required

///

COMPLAINT - 15

**MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.**
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

extensive hospital and medical care and treatment, incurred medical expenses, lost time from work and his ability to engage in normal and usual activities has been adversely affected.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment as follows:

1. As for the First Claim for Relief, Plaintiff demands judgment against the Manufacturer Defendants, jointly and severally, for an amount exceeding Three Hundred Thousand Dollars ($300,000.00), exclusive of interest and costs.

2. As for the Second Claim for Relief, Plaintiff demands judgment against Defendant Home Depot, jointly and severally for an amount exceeding Three Hundred Thousand Dollars ($300,000.00), exclusive of interest and costs.

3. As for the Third Claim for Relief, Plaintiff demands judgment against Defendant Home Depot, jointly and severally for an amount exceeding Three Hundred Thousand Dollars ($300,000.00), exclusive of interest and costs.

4. As for the Fourth Claim for Relief, Plaintiff demands judgment against Defendant Home Depot, jointly and severally, for an amount exceeding Three Hundred Thousand Dollars ($300,000.00), exclusive of interest and costs.

5. As for the Fifth Claim for Relief, Plaintiff demands judgment against the Manufacturer Defendants, jointly and severally, for an amount exceeding Three Hundred Thousand Dollars ($300,000.00), exclusive of interest and costs.

6. As for the Sixth Claim for Relief, Plaintiff demands judgment against the Manufacturer Defendants, jointly and severally, for an amount exceeding Three Hundred Thousand Dollars ($300,000.00), exclusive of interest and costs. Plaintiff further demands interest and costs from said Defendants, jointly and severally.

///
///
///

COMPLAINT - 16

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105

7. Awarding Plaintiff interest and costs from said Defendant, jointly and severally; and

8. Awarding plaintiff such other and further relief as the court deems equitable, just, and appropriate.

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint so triable.

Dated this 22nd day of March, 2012.

MARKOWITZ, HERBOLD, GLADE & MEHLHAF, P.C.

_____
Matthew A. Levin, WSBA # 31011
MattLevin@MHGM.com
Attorneys for Plaintiff

COMPLAINT - 17

MARKOWITZ, HERBOLD,
GLADE & MEHLHAF, P.C.
SUITE 3000 PACWEST CENTER
1211 SW FIFTH AVENUE
PORTLAND, OREGON 97204-3730
(503) 295-3085
Fax: (503) 323-9105